# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NAKITA PURVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:17-cv-00102-TLS-SLC |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Motion Requesting Approval and Entry of Parties' Agreed Protective Order (DE 15), seeking entry of a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c).[1] Because the proposed order is deficient in several ways, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately

---

[1] The proposed order also addresses the parties' agreements pursuant to Federal Rule of Evidence 502(d) and (e) that certain disclosures will not waive the attorney-client privilege or work-product protection.

confidential information.[2] Instead it allows a party to designate as "Confidential Information" any documents "referring or related to confidential and proprietary human resources or business information . . . or Defendant's organizational structure," and "[a]ny documents from the personnel . . . file of any . . . employees or contractors." (DE 15-1 ¶ 2). Additionally, the proposed order allows a party to designate as "Attorneys' Eyes Only" "[a]ny documents containing . . . nonpublic research and development data, . . . confidential business information not generally known to the general public, and customer-related information." (DE 15-1 ¶ 3).

To begin, defining the term "Confidential Information" by using the general terms of "confidential and proprietary" is rather vague. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). Additionally, the term "'non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook, Inc.*, 206 F.R.D. at 248. Furthermore, "not all information in an employee's personnel file

---

[2] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Here, although the second sentence of paragraph 11 suggests that the parties may not file any documents under seal without filing a motion pursuant to Local Rule 5-3, the first sentence of paragraph 11 seems to contemplate sealed filings without further leave of Court. Due to this lack of clarity, the proposed order necessitates a higher level of scrutiny.

2

is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "[T]here is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Another problem is that paragraphs 2 and 3 of the proposed order allow documents "referring to or related to," or documents "containing," confidential information to be filed under seal, rather than protecting just the actual confidential information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing

3

confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). While paragraph 11 does contemplate the filing of redacted documents, this method for redaction appears optional for the parties, rather than mandatory. Moreover, when redacted documents are filed with the Court, the unredacted versions of the documents should also be filed under seal.

Yet another problem is that the parties' process for the return and destruction of confidential information, which is set forth in paragraph 13 of the proposed order, does not provide an exception for the Court. The Court does not return any documents that have been made part of the record.

Additionally, paragraph 14(g) of the proposed order provides the parties may "submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection." While a party may file a motion seeking an *in camera* review of documents should circumstances warrant it, the Court is unwilling to adopt a provision that suggests the Court will provide an *in camera* review as a matter of course pursuant to the terms of a stipulated protective order.

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order does not contain this language. It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945 (citations omitted). The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of

4

undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted).

For the foregoing reasons, the Court DENIES the Motion Requesting Approval and Entry of Parties' Agreed Protective Order (DE 15), with leave to refile.

SO ORDERED.

Entered this 2nd day of June 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge